QUESTIONS: 1. Under which Florida Statutes may property be disposed of when said property has come into the hands of the sheriff in the following manner: Lost and found; abandoned; personal property picked up for safekeeping and ownership is unknown or the owner cannot be located; evidence in a criminal trial when the case has been disposed of and the evidence was not introduced at trial? 2. What procedure should be followed to convert said property to departmental use?
SUMMARY: A sheriff should dispose of lost personal property according to the principles of the common law of property, and, when applicable, s. 715.01, F. S. Abandoned personal property should be disposed of by a sheriff pursuant to s. 705.01(1) or s. 705.16, F. S., depending on the value and condition of the property. Unclaimed personal property or evidence in or from a criminal trial should be disposed of by a sheriff pursuant to s. 925.06, F. S. Personal property taken into a sheriff's possession may be retained for use by the sheriff's department only pursuant to specific statutory authority and procedure, such as is provided in ss. 790.08 and 943.41-943.44, F. S. As to lost personal property in the possession of the sheriff's department, I would note that in AGO 076-101 I considered the question of what statutory procedure should be followed by a municipal police department in disposing of lost bicycles found by, or turned in to, the department. In essence, the answer given was that there is no statutory procedure to be followed under such circumstances and that the principles of the common law of property must therefore be applied. In that opinion I stated: In general, lost property is subject to the principles of the common law of property, except where, and to the extent that, such common law has been abrogated by state statute. In some states, there have been enacted statutes specifying procedures which must be followed by a finder of lost property, such as advertising a description of the property or depositing it with some governmental agency. However, no such general law applicable to local governments has been enacted in Florida. Cf. s. 705.18, F. S., providing a procedure for disposal of lost personal property at the several state universities. There now exists only the aforementioned s. 715.01, F. S., which simply provides that a finder — other than one who is an employee of a public transportation system — is vested with title to personal property found in or upon certain public conveyances and public places, subject to claim by the rightful owner within a period of 6 months after the finding of the property. The statute is devoid of any procedure establishing duties or liabilities to be borne by the finder or any third party (e.g., a police department) to whom the finder might entrust the property. The above holding would apply to personal property in general, not just bicycles, and would apply to a sheriff's department to the same extent as to a municipal police department. In AGO 076-101 I suggested that, pending clarification by the Legislature of rights and obligations regarding lost property in general, a city might "establish reasonable criteria whereby lost bicycles in custody and possession of the police department are advertised in a newspaper of general circulation and the owners thereby notified that the bicycles have been found and, if not claimed within a reasonable time, will be sold by the city at public auction." However, I went on to emphasize that "[a]ny such procedure formulated by a municipality would not, of course, change any party's rights or obligations under the common law of property." It would appear that a similar, temporary administrative measure could be adopted by a county with respect to the handling of lost personal property held by the sheriff's department, subject to the same caveat that common law rights and obligations of any party would not thereby be modified or superseded. And, should such a procedure be adopted, proceeds from any sale thereunder should be deposited into the general fund of the county. As to abandoned personal property — which differs from lost property in that abandonment occurs only when the owner voluntarily parts with the property with the intention not to reclaim it — statutory procedures have been provided in Ch. 705, F. S. In general, disposition of abandoned property should be effected according to s. 705.01(1) unless the property has "no value other than nominal salvage value, if any," in which case s. 705.16 would be applicable. See AGO 075-161 for a discussion of the application and coordination of these two sections. As to personal property "picked up for safekeeping," if the owner is unknown, then the property should logically be considered as either lost or abandoned, depending on the nature of the property and the circumstances of its finding, and it should thus be handled in the manner herein described for lost or abandoned property. If the owner of the property is known by the sheriff's department but that person simply cannot be located, the property should still be either lost or abandoned (assuming the property was not taken into the sheriff's possession at the request of its owner). It is to the owner of the property — not its finder — and the facts and circumstances surrounding its loss or abandonment that one must look to determine whether property has been lost or abandoned. The main distinguishing point is the owner's intent. If you determine from all circumstances otherwise known to you that the owner abandoned the property, then the procedures of either s. 705.01(1) or s. 705.16, supra, should be followed (depending on the value and condition of the property). However, if you determine from the circumstances known to you that the property was probably lost, rather than abandoned, and you choose to take the property into your possession or custody, then the common law principles regarding lost personal property as applied to the facts of case should govern your actions with respect to what effort is made to locate the owner and how long the property is held for claim by the owner. As noted above, should such lost personal property be advertised and sold at public auction, as suggested in AGO 076-101, proceeds therefrom should be deposited into the county treasury. See AGO 076-101 for a summary of some of the applicable common law principles.
Section 925.06, F. S., appears to provide a sufficient procedure to be followed by a sheriff in regard to unclaimed personal property or evidence in or from a criminal trial. That section provides: (1) Unclaimed personal property in custody of the court from a criminal proceeding, if of appreciable value, shall be sold at public sale by the sheriff. The notice, procedure, and sheriff's fees for the sale shall be the same as provided for sales under execution. The proceeds shall be paid to any person making proper claim or, if unclaimed for 60 days, shall be paid to the county general fund. If the property is not of appreciable value, the court may order the sheriff to destroy it. (2) Nothing in this section shall be construed to repeal or supersede the provisions of s. 790.08 relating to the disposition of weapons and firearms. As referred to above in subsection (2) of s. 925.06, special provision has been made by statute — s. 790.08, F. S. — for the disposition of weapons and firearms taken into the possession of law enforcement officers. The detailed procedures provided in s. 790.08 should thus be followed with respect to weapons and firearms either taken from a person upon arrest or found abandoned. However, s. 790.08 does not appear to contemplate the application of its procedures to weapons or firearms which have been lost, as opposed to having been abandoned or taken from a person upon arrest. As to lost weapons or firearms, the comments hereinabove presented regarding lost personal property will still apply. In general, there is no procedure through which a sheriff may convert personal property — whether lost or abandoned — to his own or the department's use. In AGO 075-161, I emphasized that a sheriff acts as an administrative or ministerial officer in regard to abandoned property, and as such must be able to point to statutory authority before he may retain such property for use of the department. However, there are limited instances in which a sheriff is authorized by statute to retain personal property for the use of the department. One is in regard to weapons and firearms. The procedures of s. 790.08, supra, include provisions for forfeiture of weapons or firearms to the state for use by the sheriff as custodian for the state. See s. 790.01(4), (5), and (6), F. S. In addition, ss. 943.41-943.44, F. S., the Florida Uniform Contraband Transportation Act, provide a procedure whereby vessels, motor vehicles or aircraft used to transport contraband, as "contraband" is defined in s. 943.41(2), may be seized and forfeited to the law enforcement agency which effected the seizure of the contraband for the use of that agency. The procedures set forth in these statutes must be strictly followed, and if the circumstances under which a sheriff comes into possession of personal property do not fall within the purview of such statutory provisions, the property may not be retained for use of the sheriff's department.